## ROSENSTEIN v. BOGEL.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

BROKERS—REAL ESTATE—COMMISSION—RIGHT TO.

    That a landowner employed a broker to secure a purchaser for the land, and the broker procured a prospective purchaser for $36,000, $8,000 cash and the balance secured by mortgage; that the owner changed the terms of sale, and insisted upon a $10,000 cash payment, and the prospective purchaser abandoned negotiations, though he could have made the $8,000 payment; and that afterwards the broker procured another prospective purchaser, who was ready and willing on the owner's terms—shows the broker's right to the stipulated commission.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by William Rosenstein against Henry L. Bogel. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER; GAYNOR, and RICH, JJ.

Wm. V. Zipser, for appellant.

Kiendl Bros., for respondent.

HOOKER, J. The plaintiff appeals from a judgment entered at the close of his evidence dismissing the complaint. The action was for commissions. The proof offered tended to show the employment of plaintiff to furnish a purchaser for defendant's premises; that the plaintiff procured a purchaser in the person of one Kleng, who was introduced to the defendant as a prospective purchaser of the premises for $36,000, $8,000 cash and the balance to be secured by a mortgage upon the property; that afterwards the defendant changed the terms of the sale, and insisted on a larger cash payment, equal to $10,000; that the proposed purchaser, Kleng, refused to make the cash payment of $10,000, and abandoned negotiations with the defendant; that the said proposed purchaser, Kleng, had funds with which to make the $8,000 payment; that afterwards the plaintiff procured another purchaser, in the person of one Siegel, who was ready and willing to take the property on defendant's terms of $36,000, with a cash payment of $10,000. The rate of commission was to be 1 per cent.

These facts established a cause of action, and plaintiff was entitled to recover at the close of his case as the evidence then stood. The trial justice erred in dismissing the complaint, and for this error the judgment of the Municipal Court must be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.